IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

CHRISTOPHER BUCHANAN                                                    PLAINTIFF
ADC #176655

V.                    Case No. 3:25-CV-00226-DPM-BBM

CHRISTOPHER BUDNIK, Warden,
Grimes Unit, *et al.*                                                   DEFENDANTS

**ORDER**

**I.    INTRODUCTION**

On October 15, 2025, Plaintiff Christopher Buchanan, an inmate in the Arkansas Division of Correction ("ADC"), filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983. (Doc. 2). Before Buchanan may proceed, the Court must screen his claims in accordance with the Prison Litigation Reform Act ("PLRA").[1] 28 U.S.C. § 1915A(a). The Court also takes up Buchanan's pending Motions to Preserve Documents and Videos. (Docs. 4, 6).

**II.   ALLEGATIONS**

In his Complaint, Buchanan claims that, shortly after he requested injunctive relief in ongoing federal litigation regarding issues at the ADC's Grimes Unit, he was transferred to another ADC unit to moot his request. (Doc. 2 at 8). More specifically, on September

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

26, 2024, Buchanan filed a Motion for a Temporary Restraining Order and Preliminary Injunction in *Buchanan v. Roberts et al.*, 3:24-CV-00074-KGB-PSH ("*Buchanan I*"). *Id.* On October 4, 2024, he was transferred to the ADC's Ouachita River Correctional Unit ("ORCU"). *Id.* On October 11, 2024, the ADC's counsel in *Buchanan I*, Carl F. Cooper, III ("Attorney Cooper"), filed a Motion to Dismiss arguing that the ADC Defendants in that case are entitled to sovereign, qualified, and statutory immunity. *Buchanan I*, (Docs. 95, 96). The Motion to Dismiss argues, *alternatively*, that "[Buchanan's] claims for injunctive relief are moot because he has been transferred to the [ORCU]." *Id.*, (Doc. 96 at 11–12).[2]

In the instant case ("*Buchanan II*"), Buchanan names as Defendants the ADC employees he believes "signed off" on the retaliatory transfer—Warden Christopher Budnik ("Warden Budnik"), Deputy Director William Straughn ("Deputy Director Straughn"), Deputy Warden Claudia Harris ("Deputy Warden Harris"), Major Haynes, Director Dexter Payne ("Director Payne"), classification officer Pigford, and eight Doe Defendants. *Buchanan II*, (Doc. 2 at 1–4, 8–9). He also names Attorney Cooper, who allegedly knew that Buchanan was going to be transferred. *Id.* at 10, ¶ 15. Buchanan alleges there was a conspiracy to retaliate against him and that Defendants' conduct was outrageous. *Id.* at 9–12.

---

[2] After a bankruptcy stay, the ADC Defendants, through Attorney Cooper, renewed the Motion to Dismiss. *Buchanan I*, (Docs. 158–159). That Motion is set for hearing on January 8, 2026, before United States Magistrate Judge Patricia S. Harris. *Id.*, (Doc. 170–171).

Buchanan sues Defendants in their official and individual capacities. (Doc. 2 at 2). He seeks declaratory judgment along with nominal, compensatory, and punitive damages. *Id.* at 7.

## III. DISCUSSION

### A. Initial Screening

To survive pre-service screening under the PLRA, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[L]abels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a plausible claim. *Id.* Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). However, "[a] pro se complaint must be liberally construed," and courts "should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (cleaned up; citations omitted); *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (citation omitted).

Buchanan brings federal retaliation, conspiracy, and official-capacity claims, along with a state-law claim for outrage. (Doc. 2 at 2, 8–9, 11). However, as pleaded, Buchanan's Complaint lacks the factual specificity needed to state a claim for relief.

3

### 1. Retaliation

Buchanan alleges that he was transferred to ORCU in retaliation for filing a motion for preliminary injunctive relief. To state a § 1983 retaliation claim, Buchanan must plead that: (1) he engaged in constitutionally protected activity; (2) Defendants took adverse actions against him that would chill a prisoner of ordinary firmness from engaging in that activity; and (3) his protected activities were the "but-for" cause of Defendants' adverse actions. *De Rossitte v. Correct Care Sols.*, LLC., 22 F.4th 796, 804 (8th Cir. 2022); *Santiago v. Blair*, 707 F.3d 984, 992 (8th Cir. 2013); *Nieves v. Bartlett*, 587 U.S. 391, 398–99 (2019).

Litigation is generally considered a constitutionally protected activity. *See Eggenberger v. W. Albany Twp.*, 820 F.3d 938, 943 (8th Cir. 2016) (noting baseless, vexatious, and otherwise bad-faith litigation is not protected by the First Amendment). And it is well-established that a transfer to another detention facility may constitute an adverse action for retaliation purposes. *See Sisneros v. Nix*, 95 F.3d 749, 751–52 (8th Cir. 1996) (collecting cases). However, "[i]n a retaliatory transfer case, the burden is on the prisoner to prove that but for an unconstitutional, retaliatory motive the transfer would have not occurred." *Id.* at 752.

Buchanan alleges that he filed a motion for preliminary injunctive relief and, eight days later, he was transferred to another ADC unit. (Doc. 2 at 8). Although the temporal connection between the two events is perhaps suspicious, Buchanan provides no other facts to connect the two events. In short, Buchanan's allegations of retaliation amount to nothing more than speculation, which does not state a claim for relief. *Twombly*, 550 U.S. at 555.

Moreover, Buchanan states that all Defendants "signed off" on his transfer without explaining his basis for that allegation. *Id.* at 9. The Court understands, based on Buchanan's Motions to Preserve, that he may not have access to his transfer documents. *See* (Docs. 4, 6). However, at minimum, Buchanan must explain each ADC Defendant's function within the ADC and why Buchanan believes each of those Defendants was in the position to "sign off" on his transfer.

As for Attorney Cooper, his knowledge of the transfer does not state a viable retaliation claim. In § 1983 actions, "a plaintiff must plead that each Government-official defendant, through the official's *own individual actions*, has violated the Constitution." *Iqbal*, 556 U.S. at 676 (emphasis added). A non-ADC employee simply being aware of a transfer is not enough. Moreover, "[t]he conduct of counsel, either retained or appointed, in representing clients, does not constitute action under color of state law for purposes of section 1983 violations." *Holbird v. Armstrong-Wright*, 949 F.2d 1019, 1020 (8th Cir. 1991) (per curiam). Thus, to the extent Buchanan seeks to sue Attorney Cooper for his actions in representing his clients in *Buchanan I*, the claim also fails. Accordingly, as pleaded, Buchanan's Complaint fails to state a plausible claim for retaliatory transfer.

### 2. Conspiracy

Buchanan also alleges that there was a "conspiracy" to retaliate against him. (Doc. 2 at 9–11). A conspiracy claim must be pleaded with sufficient specificity and factual support to demonstrate a "mutual understanding" among the defendants or a "meeting of the minds." *Cooper v. Delo*, 997 F.2d 376, 377 (8th Cir. 1993); *Manis v. Sterling*, 862 F.3d 679, 681 (8th Cir. 1988); *Smith v. Bacon*, 699 F.2d 434, 436 (8th Cir. 1983) (holding

allegations must at least include that "the defendants had directed themselves toward an unconstitutional action by virtue of a mutual understanding" and provide some facts suggesting a meeting of the minds).

Buchanan's conspiracy claim suffers the same defect as his retaliation claim: there are no facts explaining how each Defendant was involved in transferring him to the ORCU. Thus, there are no facts showing a "mutual understanding" or "meeting of the minds" between the Defendants, and Buchanan fails to allege a plausible conspiracy claim.

### 3. Outrage

Buchanan brings a claim under Arkansas state law for the tort of outrage. (Doc. 2 at 11–12). To bring such a claim, Buchanan must allege that Defendants engaged in extreme and outrageous conduct that exceeds "all possible bounds of decency." *Duggar v. City of Springdale*, 2020 Ark. App. 220, 10, 599 S.W.3d 672, 682 (2020). But "[m]erely describing conduct as outrageous does not make it so," *id.*, and that's exactly what Buchanan has done in this case. As discussed, Buchanan has not made any allegations beyond speculating that Defendants "signed off" on his transfer. He does not describe any specific actions taken by any Defendant, let alone actions that exceed all possible bounds of decency. As such, he fails to allege a plausible outrage claim.

### 4. Official-Capacity Claims

Finally, Buchanan sues Defendants in their official capacities, (Doc. 2 at 2), which is equivalent to a claim against the State of Arkansas. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). But Buchanan does not seek injunctive or prospective relief, and the State is entitled to Eleventh Amendment immunity on his claim for monetary

6

damages. *Nix*, 879 F.2d at 432. Accordingly, Buchanan's official-capacity claims may be dismissed for seeking monetary damages from the State, who is immune to such relief.

### B. Opportunity to Amend

The Court will allow Buchanan thirty (30) days, from the date of this Order, to file an Amended Complaint to correct the deficiencies in his current pleading. Buchanan is placed on notice that, if he files the Amended Complaint, that pleading will supersede his previous Complaint. *See In re Atlas Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000). Accordingly, his Amended Complaint should contain *all Defendants* he seeks to name in this matter, *all claims* he seeks to pursue in this action, and *the factual predicate* for all claims against all Defendants. If Buchanan elects not to file an Amended Complaint, the Court will proceed to screen his original Complaint, and a "strike" may be recommended against him. *See* 28 U.S.C. § 1915(g).

### C. Motions to Preserve Documents and Videos

In his Motions to Preserve Documents and Videos, (Docs. 4, 6), Buchanan seeks an order directing the ADC to preserve the video of non-parties Corporal Harris and Sergeant Roberts approaching his cell on October 4, 2024, and telling him to pack up his belongings because he was being transferred. Buchanan asserts, without explanation, that this is "crucial evidence" to his retaliation claim. (Doc. 4 at 1; Doc. 6 at 1). More persuasively, Buchanan asks that all documents related to his transfer be preserved, including "any and all documents pertaining to signature of supervisors [who] signed off on plaintiff['s] transfer." (Doc. 4 at 2). However, unless and until Buchanan alleges plausible claims

against the Defendants and proceeds past the screening stage, his Motions to Preserve are premature.[3]

## IV.  CONCLUSION

IT IS THEREFORE ORDERED THAT:

1. The Clerk is directed to mail Buchanan a § 1983 complaint form that is labeled "Amended Complaint."

2. Buchanan will be allowed to file, **within thirty (30) days of the date of this Order**, an Amended Complaint containing the facts described in this Order, which are necessary to support his claims. If he elects not to file a timely Amended Complaint, the Court will screen his Complaint, (Doc. 2).

3. Buchanan's Motions to Preserve Documents and Videos, (Docs. 4, 6) are DENIED without prejudice.

DATED this 5th day of January, 2026.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] The Court notes that, through *Buchanan I*, at least some of the Defendants are aware of Buchanan's desire to pursue a retaliation claim based on his transfer to ORCU. *See Buchanan I*, (Docs. 130, 152, 166). The Court will take up the issue of spoliation of evidence *if* and when necessary. *See Stevenson v. Union Pac. R. Co.*, 354 F.3d 739, 745–46 (8th Cir. 2004) (discussing possible sanctions, including an adverse inference instruction, for the bad faith destruction of relevant evidence).